UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

_____
                                    )
16TH STREET INVESTMENTS, LLC        )
                                    )
            Plaintiff,              )
                                    )
            v.                      )     CIVIL ACTION
                                    )     No. 3:17-00174-WGY-ARS
KTJ 216, LLC                        )
                                    )
            Defendant.              )
_____)

YOUNG, D.J.[1]                                      April 3, 2018

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION**

    Much has been written about the palpable injustices wrought by corporations on their customers through mandatory consumer arbitration.  See e.g. Lauren G. Barnes, How Mandatory Arbitration Agreements and Class Action Waivers Undermine Consumer Rights and Why We Need Congress to Act, 9 Harv. L. & Pol'y Rev. 329 (2015); Michael S. Barr, Mandatory Arbitration in Consumer Finance and Investor Contracts, 11 N.Y.U. J.L. & Bus. 793 (2015); Emily Canis, One "Like" Away: Mandatory Arbitration for Consumers, 26 Geo. Mason U. Civ. Rts. L.J. 127 (2015); Michael Van Derwood, Consumer Arbitration Clauses: An Informal

---

[1] Of the District of Massachusetts, sitting by designation. See ECF No. 28.

Survey of Their Prevalence in 2014 for an Average American Consumer, 15 U.C. Davis Bus. L.J. 289 (2015); Jack Downing, An Important Time for the Future of Class Action Waivers and the Power Struggle Between Businesses and Consumers, 81 Mo. L. Rev. 1151 (2016); Richard Frankel, "What We Lose in Sales, We Make Up in Volume": The Faulty Logic of the Financial Services Industry's Response to the Consumer Financial Protection Bureau's Proposed Rule Prohibiting Class Action Bans in Arbitration Clauses, 48 St. Mary's L.J. 283 (2016).

As distasteful as it may be to dragoon the courts into an oppressive sophistry that exalts mandatory arbitration into a tool for slamming the courthouse doors in the faces of those who most need access to justice, so too courts must be even more vigilant to guard against the risks that the voluntary choice to resort to arbitration may become subject to the undue costs and delays that so plague our court systems.

This case illustrates those risks:

Here, the plaintiff 16th Street Investments, LLC ("16th Street") commenced arbitration between itself and the defendant KTJ 216, LLC ("KTJ"). Notice of Removal, ECF No. 1, Exhibit 1 at ¶ 4. A three day arbitration hearing was held from December 12 to December 15, 2016, and the final arbitration award promptly was issued to both parties on March 31, 2017. Id. at ¶ 5. 16th Street was awarded $1,773,497 plus interest at the rate

of $231.85 per day accruing on and after April 1, 2017.  Id. at ¶ 6.

"It is well settled that a court must confirm an arbitration award . . . unless a party has filed a motion with the court to vacate, modify, or correct the award within 90 days after delivery of a copy of the award." MBNA America Bank, N.A. v. Hart, 710 N.W.2d 125, 128 (N.D. 2006).  KTJ did not move to modify, correct, or vacate the final award within the ninety day appeal period and, on August 7, 2017, 16th Street moved in this Court (under its diversity jurisdiction) to confirm the arbitration award as permitted under North Dakota Century Code ("N.D.C.C.") § 32-29.3-22.[2]

## II. THIRD PARTY COMPLAINT

KTJ responded to 16th Street's motion to confirm the final award by initiating a third party complaint, now amended,[3] seeking indemnity, contribution and damages for negligence, breach of contract, and fraud from non-diverse third-parties

---

[2] "After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 32-29.3-20 or 32-29.3-24 or is vacated pursuant to section 32-29.3.23." N.D.C.C. § 32-29.3-22.

[3] Parsing the docket, it appears that KTJ has filed two third party complaints.  Def.'s Compl., ECF Nos. 6, 20.  KTJ did not correctly seek leave to amend the third party complaint under Federal Rule of Civil Procedure Rule 15.  Nevertheless, this Court will address KTJ's amended complaint, ECF No. 20, filed against third parties Valley Grading, Nygaard, and RDI.

[3]

Valley Grading, Inc. ("Valley Grading"), Larry Nygaard ("Nygaard"), and Roers Development, Inc. ("RDI") (collectively "third party defendants") that "caused KTJ to be 'thrust'" into arbitration with 16th Street. Def's. Am. Compl., ECF 20 at 1-2. Predictably, this slowed things down until November 15 and November 21, 2017 when the third party defendants got around to moving to dismiss. Defs.' Mot. Dismiss, ECF Nos. 23, 25. This Court heard oral argument on those motions on February 20, 2018 and oral argument on the motion to confirm the final arbitration award on March 16, 2018. Minute Entry, ECF Nos. 34-35.

This Court simply does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) over these non-diverse third party claims. For supplemental jurisdiction to be available under 28 U.S.C. § 1367(a), 16th Street's motion to confirm the final arbitration award and KTJ's amended complaint must be so related that they form part of the same case or controversy. See Myers v. Richland County, 429 F.3d 740, 746-48 (8th Cir. 2005). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164-65 (1997) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)). At their core, both claims stem from the development of the Southgate Crossing Shopping Center. That, however, is the extent of the factual similarities. It cannot fairly be

said that KTJ's amended complaint is so related to confirmation of the arbitration award that it forms part of the same case or controversy.  None of the facts required to hold Valley Grading, Nygaard, and RDI liable for attorneys' fees, arbitration costs, and damages were in any way relevant to the arbitration proceedings or are helpful in determining whether judicial confirmation is warranted.  Lacking supplemental jurisdiction, the Court dismisses KTJ's amended third party complaint.

**III. CONFIRMATION OF THE FINAL ARBITRATION AWARD**

Wait, argues KTJ, we never contested our obligation to pay <u>something</u> under the arbitration award.  Def.'s Opp. Pl.'s Mot. Conf. Arb. Award, ECF No. 7 at 1.  Indeed, we twice tendered a substantial partial payment to 16th Street.  <u>Id.</u> at 2.  Surely, we deserve something for our efforts.

Well, yes and no.  Yes, by not contesting the arbitration award KTJ deserves to have its arguments analyzed rather than ignored.  But no, its arguments are without merit.  Here's why:

KTJ's first tender of partial payment was just a ploy as it included language which would have worked an accord and satisfaction had it been accepted.  Its second tender of partial payment was nothing more than an offer of compromise.  16th Street's non-acceptance does not impair its right to interest from the date of the award nor the attorneys' fees expended in seeking the award's confirmation.  Had KTJ been serious about

reducing its obligation to pay interest, it might have made partial payment into the Court's registry.  As it is, KTJ has had the use of these funds for all the long months since the arbitration award issued.  This is precisely the reason the award contained an interest obligation in 16th Street's favor.

## IV. CONCLUSION

For these reasons, after an unwarranted delay of 12 months, the Court confirms the arbitration award.  Judgment shall enter for 16th Street, conformable to the award, in the amount of $1,773,497 with interest at the rate of $231.85 per day from the date of the award.  16th Street shall submit its application for attorneys' fees in securing the award's confirmation within 30 days of the date of this order and KTJ will have 15 days to respond.  Additionally, the Court grants Valley Grading, Nygaard, and RDI's motions to dismiss KTJ's amended complaint, ECF Nos. 23, 25.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE